

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| LLOYD SCOTT MAIER, | ) | Cause No. CV 11-84-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING AS MOOT |
| | ) | MOTION FOR LEAVE TO |
| WARDEN MIKE MAHONEY; | ) | FILE UNDER SEAL |
| ATTORNEY GENERAL OF | ) | |
| THE STATE OF MONTANA, | ) | |
| | ) | |
| Respondent. | ) | |

This action comes before the Court on Petitioner Lloyd Scott Maier's petition for writ of habeas corpus under 28 U.S.C. § 2254. He challenges the Board of Pardons and Parole's decision denying him clemency. Specifically, he asserts that he was denied due process of law because his criminal history was presented to the Board with deliberate inaccuracies. Resp. to Order (doc. 6) at 2, 4, 5. He also complains that he has never been permitted to see a psychological report about him,

1

even though the report "has been used . . . to deny him any opportunity for parole and early release from prison," *id.* at 2, and he seems to assert that the report may have been influenced by personal animosity, *id.* at 4.

On October 26, 2011, Respondent filed an Answer to the Petition, attaching Exhibits A-N. Answer (doc. 13). Exhibit D is the psychological report a motion to dismiss on October 26, 2011. Answer Ex. D (doc. 13-4). On the same day, Respondent filed a motion to dismiss, alleging failure to exhaust and procedural default.

Respondent also moved for leave to file Exhibit D under seal because "the Board [asserts] a right of institutional and individual privacy" in Exhibit D. Br. in Supp. of Mot. for Leave to File Under Seal (doc. 15) at 1. In other words, Respondent wants the Court to consider but withhold from Maier the report whose release to Maier, Respondent concedes, is "[a]t the heart of all of Maier's claims." Br. in Supp. of Mot. to Dismiss (doc. 17) at 2.

The Local Rules authorize documents to be filed under seal and even *ex parte*, provided such filing is supported by legal authority, D. Mont. L.R. 1.8(a)(1)(C)(i) and (iv), or carried out in the prescribed manner, L.R. 1.8(b)(3), (4)(A)(ii). Respondent cites no authority, federal, state, or otherwise, for its "right of institutional and individual privacy." Nor did Respondent file Exhibit D in the prescribed manner.

2

As a result, Respondent filed Exhibit D in the public record. It is available via internet to the world at large – but not to Maier, who, because he is a prisoner, does not have access to the internet. Respondent's failure to take steps to preserve the confidentiality of Exhibit D moots whatever unidentified legal justification may exist for the "right of institutional and individual privacy" asserted by the Board. The Court is not aware of any authority for making a document available to everyone *except* the opposing party.

Based on the foregoing, the Court enters the following:

### ORDER

Respondent's motion for leave to file under seal (doc. 14) is DENIED AS MOOT. Respondent shall immediately serve Exhibit D on Petitioner Maier.

<u>Maier must immediately inform the Court and opposing counsel of any change in his mailing address.</u> Failure to do so may result in dismissal of this case without notice to him.

DATED this 1st day of November, 2011.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge