IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

_____

| | | |
|---|---|---|
| LLOYD SCOTT MAIER, | ) | Cause No. CV 11-84-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| WARDEN MIKE MAHONEY; | ) | |
| ATTORNEY GENERAL OF | ) | |
| THE STATE OF MONTANA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

This action comes before the Court on Petitioner Lloyd Scott Maier's petition

for writ of habeas corpus under 28 U.S.C. § 2254, challenging the Board of Pardons

and Parole's decision denying him clemency.

On October 26, 2011, Respondent ("the State") moved to dismiss the petition

for failure to exhaust. Maier responded on November 1, 2011.

Maier asked the Montana Supreme Court to order Dr. Mozer to provide him

with a copy of his psychological evaluation in addition to other relief for alleged

violations of federal and state law. He did not, however, allege that his lack of access

to the report was itself a violation of his federal right to due process, nor did he allege

that the procedures used in reviewing his clemency application violated his federal

right to due process. Maier's habeas petition said:

> *Wherefore, Petitioner prays that the Court grant relief to which he may be entitled in this proceeding.*[1] Release from prison immediately, and correction of past criminal history record to [illegible] take juvenile record off my sentence and such other and further relief as this Court may deem appropriate and just, including ordering Dr. Mozer to give Petitioner herein a full complete copy of his psyc[h]ological evaluation and complete paperwork on file pertaining to petitioner here. (note) this Court did previously recommend that Mozer comply with petitioner requests, but he refused to do same.

Pet. for Writ of Habeas Corpus at 4, *Maier v. Mahoney*, No. OP 11-0211 (Mont. filed

Apr. 14, 2011), *available at* http://supremecourtdocket.mt.gov (accessed Jan. 3, 2012).

Maier added a note saying "See Additional Relief Attachment," *id.*, but the attachment

does not add anything about the report or the federal right to due process, *id.* at 7.

Maier has filed other actions in the Montana Supreme Court, seeking access to

Dr. Mozer's psychological report and complaining of the denial of clemency. But

none of his filings bring a federal legal theory together with the operative facts of his

claim in the context of a proceeding in which his claim is cognizable to the Montana

Supreme Court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Davis v. Silva*, 511

F.3d 1005, 1009 (9th Cir. 2008); *see also, e.g.*, Statement at 1-9, *Maier v. Third Jud.*

---

[1] This sentence is pre-printed on the form Maier completed.

*Dist. Court*, No. OP 10-0294 (Mont. filed June 17, 2010) (accessed Jan. 3, 2012).

Merely alleging various federal constitutional violations in the same document with the facts underlying the federal claim is not enough; a state prisoner must "fairly present" to the Montana Supreme Court his claim that a specific set of facts violates a specific federal right. Pro se pleadings must, of course, be liberally construed, but they cannot be so liberally construed as to permanently deprive the Montana Supreme Court of an opportunity to address an issue the prisoner has not fairly asked it to address.

Exhaustion is not truly a "defense" to a federal petition unless a remedy still is, or may be, available under state law. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002); *Johnson v. Lewis*, 929 F.2d 460, 463-64 (9th Cir. 1991). Maier now has a copy of the report he sought. Thus, he may file another clemency application, *see* Mont. Admin. R. 20.25.901(3) (referring to "substantial change in circumstances"), since he could not previously have presented many of the factual claims he can now present, *see, e.g.*, "Rebuttal and Challenge" (doc. 22) at 2-6. He may also file another petition for writ of habeas corpus or for some other form of judicial relief in the Montana Supreme Court, either to obtain another clemency hearing or to obtain review of the procedures used in a new or previous hearing.

Because Maier still has opportunities to present his federal due process claim

to the courts of the State of Montana, the instant petition is unexhausted and should

be dismissed without prejudice. A stay is not supported either by good cause, *Rhines*

*v. Weber*, 544 U.S. 269, 277 (2005), or for any other reason, *King v. Ryan*, 564 F.3d

1133, 1141 (9th Cir. 2009), as Maier may simply start anew in state court and the

instant petition is wholly unexhausted.

A certificate of appealability is not warranted. Denying Maier review of a

psychological report on which the Parole Board relies in making a decision might

constitute a substantial showing of the denial of a constitutional right. 28 U.S.C. §

2253(c)(2). But reasonable jurists would not disagree with the procedural ruling.

*Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S.

473, 484 (2000)); *Lambright v. Stewart*, 220 F.3d 1022, 1026 (9th Cir. 2000) (quoting

*Slack*, 529 U.S. at 484). It is clear that Maier's state remedies are not exhausted, the

exhaustion requirement is well-established, and this is plainly a case that should be

addressed by state authorities in the first instance.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1. The State's motion to dismiss (doc. 16) should be GRANTED;

2. The Petition should be DISMISSED WITHOUT PREJUDICE for failure to

exhaust state remedies;

3. A certificate of appealability should be DENIED; and

4. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal without prejudice.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any objecting party must itemize each factual finding to which objection is made and must identify the evidence in the record relied on to contradict that finding; and must itemize each recommendation to which objection is made and must set forth the authority relied on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude the party from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Maier must immediately inform the Court and opposing counsel of any change

in his mailing address. Failure to do so may result in dismissal of this case without

notice to him.

DATED this 5th day of January, 2012.


   /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge